OPINION OF THE COURT
Phillip R. Rumsey, J.
In this breach of contract action, plaintiff seeks to recover, inter alia, the amount he spent to complete improvements upon real property he intended to lease from defendant for a dental office. The matter proceeded to trial, but on the first day of trial, the presiding justice became aware of a conflict with one of the witnesses, necessitating recusal. The trial was adjourned, and the matter was then transferred to this court for further proceedings.
Plaintiff now moves to quash a subpoena served by defendant directing plaintiff to produce his income tax returns. Defendant argues that the returns are relevant and necessary to show the amount of depreciation claimed by plaintiff on the improvements, so that any recovery he might obtain from defendant can be reduced by the amount of tax deductions plaintiff has received as a result of that depreciation. It is defendant’s contention that to permit plaintiff to recover from defendant the full cost of the improvements, without any reduction for the tax benefit he has already received, would effectively provide plaintiff with a “double recovery.”
The court disagrees. Should plaintiff prevail on his claim and obtain reimbursement for the full cost of the improvements, he would effectively have recaptured any depreciation that he previously claimed as a deductible expense. Any recovery by plaintiff that is greater than his adjusted basis in the improvements (the amount he paid for them, less depreciation previously claimed) would likely be deemed taxable income under the “tax benefit rule” (see Hillsboro Nat. Bank v Commissioner, 460 US 370, 378-387 [1983]), roughly cancelling out any benefit plaintiff previously enjoyed as a result of depreciation deductions. *717 * Accordingly, it is not necessary or appropriate to reduce plaintiffs recovery by the amount of any tax savings he may have previously recognized due to depreciation (see DePalma v Westland Software House, 225 Cal App 3d 1534, 1540-1544, 276 Cal Rptr 214, 217-220 [1990]).
Moreover, were defendant to be permitted to delve into the issue of prior tax deductions, the court would also have to allow plaintiff to introduce evidence regarding the potential recapture of those benefits, leading to a “trial within a trial” on matters that are more properly left to the Internal Revenue Service and the federal courts (225 Cal App 3d at 1541-1542, 276 Cal Rptr at 218-219).
The cases cited by defendant, awarding damages for fraudulent acts committed in connection with “tax shelter” investments, are distinguishable from the case at bar, inasmuch as they involved situations in which obtaining a tax benefit was one of the primary goals of the underlying transaction. Even in those circumstances, however, it has more recently been held that no offset should be permitted (see Randall v Loftsgaarden, 478 US 647 [1986]; Salcer v Envicon Equities Corp., 478 US 1015 [1986], vacating William Z. Salcer, Panfeld, Edelman v Envicon Equities Corp., 744 F2d 935 [1984]).
Inasmuch as defendant has suggested no other reason that plaintiff should be required to produce his tax returns, the motion to quash the subpoena shall be granted.
As for defendant’s remaining contention, that he is entitled to summary judgment on the issue of plaintiffs failure to mitigate his damages by avoiding unnecessary expenses, this aspect of the motion must be dismissed as untimely. Although the court did invite defendant to raise his concerns regarding mitigation issues in a formal motion prior to recommencement of the trial, it was not clear at that time that defendant would actually be seeking summary judgment on the issue, rather than merely a ruling as to the admissibility of specific evidence, the propriety of raising the issue at trial, or some other collateral matter.
In any event, even were the court to consider the issue raised in the cross motion, it could not conclude, on the basis of the *718 evidence tendered, that defendant is entitled to judgment on this issue as a matter of law. While defendant asserts that plaintiff could have simply continued his practice in another location, rather than incur the expense necessary to relocate his business to defendant’s mall, defendant has not demonstrated, prima facie, that plaintiff would have sustained less damage merely by “walking away” from the contract, than he did by “covering” for defendant’s alleged breach by paying for the improvements himself, so that he could move his practice to his chosen new location. On the present record, defendant’s assertion that the former course of action would have been less costly to plaintiff is speculative, at best.
Accordingly, plaintiffs motion to quash the subpoena for his tax returns is granted, and defendant’s cross motion is denied, as untimely.

 Plaintiffs counsel seems to suggest that even if plaintiff prevails herein, he would be able to continue taking deductions for depreciation even after resolution of the case, “through the life of the improvement” (affidavit of Joseph B. Meagher, Esq., dated Feb. 5, 2008,1114). The court fails to see how plaintiff could continue to claim depreciation of an asset after being fully reimbursed for its cost.